## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **WINDHAM UNIT** | **Docket No. 21-CV-1251** |

**JOHN DOE,**
**Plaintiff**

**v.**

**NEW ENGLAND KURN HATTIN HOMES,**
**Defendant**

### Decision on Pending Motions Other than Motion for Summary Judgment

**Motion #62: Defendant's Motion to Strike Post-1974 Material in Amended Complaint**

The motion is denied. A complaint is for the purpose of notice pleading. It is not unusual that once discovery is complete and a case is ready for summary judgment or trial, material that was included in a complaint has been ruled irrelevant or inadmissible. That is the case here with respect to much of the material identified by Defendant. There is little risk of prejudice or confusion to Defendant as the parties can expect that rulings made on discovery motions will be applied consistently to offers of evidence at trial. Jurors are not likely to have knowledge of the content of an amended complaint, and any possible confusion to jurors can be addressed at trial by rulings made under Rule 403. Striking portions of the amended complaint at this late stage in the case would serve no useful purpose.

**Motions #63 & #66: Defendant's and Plaintiff's Motions to Seal MSJ filings**

The motions are granted in part on the terms described below.

Defendant moves to seal its Motion for Summary Judgment (May 1, 2025), Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, and the attached exhibits. Plaintiff moves to Seal his Opposition to Defendant's Motion for Summary Judgment, Statement of Material Facts, Response to Defendant's Statement of Facts, Affirmation of David J. Shlansky, Affirmation of John Doe, and all accompanying exhibits.

The parties make substantially identical arguments in support of their motions to seal. Both point to a provision in the March 8, 2022 Stipulated Protective Order ("Protective Order") that states that the parties' "pleadings, motions, and other papers ... shall not include any Confidential Information." Protective Order, ¶ 3. They contend that the Protective Order defines "Confidential Information" to include "school, student, or employment records" and "personally identifiable information of the Plaintiff or Kurn Hattin employees, agents, and/or students past or present." *Id.* at 1. The Vermont Rules for Public Access to Court Records exempt records that are designated confidential by statute, rule, or court order. V.R.P.A.C.R. 6(b)(1). The parties

1

argue that the filings that they propose to seal include personally identifiable information of the Plaintiff, students, and current and former staff members, which is "confidential information" under the protective order, which, in turn, is a court order because the court approved it. Therefore, they argue that the filings are exempted from the Rules for Public Access to Court records and should be sealed in their entirety.

The parties' motions request relief that is far greater than the Protective Order provides. Under the Protective Order, the parties should omit confidential information from their motion papers and "attach any Confidential Information as an exhibit" that they file under seal for the court's consideration. Protective Order, ¶ 3. The parties have not done so, and instead seek to label all the filings, in their entirety, as confidential. It is simply not the case that the entirety of the filings is confidential under the terms of the Protective Order. Only portions of the filings, such as the names of students and employees of Kurn Hattin, are deemed confidential under the terms of the protective order and therefore exempt under V.R.P.A.C.R. 6(b)(1). The parties have provided no further specific reasons for their request for a broad order to seal, and they offer no further reference to authority for such an order. V.R.P.A.C.R. 9(a)(3)(B)-(C).

The parties shall have three weeks from the date this order issues to file redacted versions of such filings for the Court's consideration. The unredacted filings related to the motion for summary judgment and its opposition will remain under seal. Once the redacted versions, including redacted exhibits, are filed, they will be publicly accessible.

## Motion #67: Defendant's Motion to Strike the Independent Investigative Report

The motion is granted. The document is hearsay pursuant to V.R.E. 801 as it is an investigative report by independent investigators, not a statement by Defendant, and thus inadmissible pursuant to V.R.E. 802. It does not qualify for any of the exceptions for the reasons set forth in Defendant's Reply in support of the Motion.

## Motion #68: Plaintiff's Motion to File Sur-Reply to Defendant's Reply to Motion for SJ

The motion is denied. The court has reviewed the briefs related to each of the four issues about which Plaintiff wishes to file a sur-reply and concludes that the issues are not newly raised, and additional briefing is not necessary to understand the parties' arguments. V.R.C.P. (c)(3). ("The court may also allow a surreply memorandum in the same format *if the memorandum would assist in clarifying the issues, particularly where the party seeking to file the memorandum is addressing new factual or legal arguments by the opposing party*.") Emphasis added.

2

**Motion #69: Plaintiff's Motion for Oral Argument on Motion for Summary Judgment**

The motion is denied. The court is satisfied that the parties have sufficiently briefed the legal issues in their Motion, Opposition, and Reply, and that oral argument is not needed to aid in the analysis.

Electronically signed September 23, 2025 pursuant to V.R.E.F. 9 (d).

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned